IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDY BRIAN PHILLIPS**                                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL NO.:  1:15CV62-HSO-JCG**

**THE CITY OF GULFPORT, MISSISSIPPI;
POLICE OFFICERS C. FORE, D. ISON,
AND B. JOHNSON, IN THEIR OFFICIAL
CAPACITIES ONLY; JOHN/JANE DOES 1 - 10**                **DEFENDANTS**

<u>**ORDER GRANTING PLAINTIFF EDDY BRIAN
PHILLIPS' MOTION TO DISMISS [12]**</u>

BEFORE THE COURT is Plaintiff Eddy Brian Phillips' Motion to Dismiss [12] pursuant to Rule 41 of the Federal Rules of Civil Procedure, filed January 29, 2016.  For the reasons that follow, the Court finds that Plaintiff's Motion to Dismiss [12] should be granted, and that this case should be dismissed without prejudice.

I.   <u>BACKGROUND</u>

On March 2, 2015, Plaintiff Eddy Brian Phillips ("Plaintiff") filed a Complaint [1] asserting claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, for the alleged violation of his rights granted by the Due Process Clause of the Fourth Amendment and the Fourteenth Amendment due to Defendants' alleged use of excessive force on or about April 3, 2012.  Plaintiff named as Defendants the City of Gulfport, Mississippi, and Gulfport Police Officers C. Fore, D. Ison, and B. Johnson in their official capacities only.

On May 5, 2015, Defendant City of Gulfport, Mississippi ("the City"), filed its

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 or Other Grounds [5][1], seeking dismissal of the Complaint with prejudice. On January 8, 2016, the Court entered its Memorandum Opinion and Order Denying Motion of City of Gulfport, Mississippi to Dismiss Pursuant to Fed. R. Civ. P. 12 or Other Grounds [5].

On January 29, 2016, Counsel for Plaintiff Eddy Brian Phillips filed a Motion to Dismiss [12] asserting that Plaintiff was killed in an automobile accident on July 7, 2015, and attaching a newspaper article evidencing Plaintiff's untimely death as Exhibit "A." Counsel asserts that the request for the Rule 41 Motion to Dismiss is proper because there are no other witnesses to the factual allegations of excessive force asserted in the Complaint [1], that an estate has not been opened, and that he knows of no other person or relative interested in prosecuting the Complaint. Defendant does not oppose this Motion.

## II.   CONCLUSION

Based upon Counsel's representations contained in the Motion to Dismiss that Plaintiff is deceased and there is no other witness to the allegations of excessive force contained in the Complaint [1], that no estate has been opened, that Counsel knows of person who wishes to prosecute the Complaint, as well as Defendant's acquiescence in the Motion, the Court finds that the Motion should be granted pursuant to Rule 41(a)(2) and this case should be dismissed without

---

[1] The City contends (and the record reflects) that it is the only Defendant upon whom process was served and that the individually named Defendant Officers are named in their official capacities only, such that the City of Gulfport is the sole Defendant. Mot. to Dismiss [5] at 2.

prejudice.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Eddy Brian Phillips's Motion to Dismiss [12] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of February, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE